| | |
|---|---|
| **BLANK ROME LLP** <br> *A Pennsylvania LLP* <br> David C. Kistler <br> New Jersey Resident Partner <br> 300 Carnegie Center, Suite 220 <br> Princeton, NJ  08540 <br> Telephone:  (609) 750-2643 <br> Facsimile:  (609) 897-7291 <br> Kistler@BlankRome.com | **PIRKEY BARBER PLLC** <br> Stephen P. Meleen (*pro hac vice to be filed*) <br> S. Erik Combs IV (*pro hac vice to be filed*) <br> 600 Congress Avenue, Suite 2120 <br> Austin, Texas 78701 <br> 512-482-5224 <br> smeleen@pirkeybarber.com <br> ecombs@pirkeybarber.com |

*Attorneys for Plaintiff*
*7-Eleven, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| 7-ELEVEN, INC., <br><br>                                Plaintiff, <br><br> v. <br><br> 7 EVEN FOOD MART CORP; 7 HEAVEN GAS STATION AND FOOD MART CORP; and SABAH SULTANA, <br><br>                                Defendants. | Civil Action No. <br><br> *Electronically Filed* <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff 7-Eleven, Inc. ("7-Eleven" or "Plaintiff") files this Original Complaint against Defendants 7 Even Food Mart Corp, 7 Heaven Gas Station and Food Mart Corp, and Sabah Sultana ("Defendants").

## PARTIES

1.  Plaintiff is a Texas corporation having its principal place of business at 3200 Hackberry Road, Irving, Texas 75063.

2.  Defendant 7 Even Food Mart Corp is a New Jersey corporation having a business address at 450 New York Avenue, Jersey City, New Jersey 07307.

3. Defendant 7 Heaven Gas Station and Food Mart Corp is a New Jersey corporation having a business address at 450 New York Avenue, Jersey City, New Jersey 07307.

4. On information and belief, Defendant Sabah Sultana is an individual with an address of 450 New York Avenue, Jersey City, New Jersey 07307.

## NATURE OF ACTION AND JURISDICTION

5. This is an action for trademark infringement, counterfeiting, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and for unfair competition, dilution, and unjust enrichment under the laws of the State of New Jersey.

6. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over 7-Eleven's claims under state law under 28 U.S.C. § 1367(a).

7. On information and belief, Defendants reside in this District and a substantial part of the events giving rise to the acts complained of herein occurred in this District.  Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

**I.     7-Eleven's Trademarks**

8. Since long before the acts of Defendant complained of herein, 7-Eleven has been engaged in the business of franchising convenience stores at various locations throughout the United States.

9. Since at least as early as 1946, 7-Eleven has continuously used the name and mark 7-ELEVEN in commerce in connection with a variety of products and services, including the sale and promotion of convenience store services and various other related products and services.

10. 7-Eleven uses a number of displays of its distinctive 7-ELEVEN name and mark at its convenience stores. For example, for many years 7-Eleven has frequently and continuously used the 7-ELEVEN name and mark in a stylized, multicolored logo format. A common display of the logo, shown below, features the text "ELEVEN" centered across a large numeral "7" with a curved vertical shank (the "7-ELEVEN Logo"). The 7-ELEVEN Logo is typically displayed in a combination of orange, red, green, and white, as shown below.



11. The 7-ELEVEN Logo is displayed, among other places, on signage for its convenience stores and gas stations.

12. There are currently over 9,000 convenience stores throughout the United States operating under 7-Eleven's 7-ELEVEN name and mark, many of which use the 7-ELEVEN Logo (7-Eleven's 7-ELEVEN name and mark and 7-ELEVEN Logo are referred to collectively as "the 7-ELEVEN Marks").

13. Billions of dollars of products and services have been sold in the U.S. in 7-ELEVEN stores under its 7-ELEVEN Marks, and has annually spent millions of dollars advertising and promoting those products and services under the 7-ELEVEN Marks. As a result, 7-Eleven has developed goodwill, public recognition, and strong rights in its 7-ELEVEN Marks, which consumers have come to know and trust as symbols of quality and value.

999998.02595/112756884v.1

14. The 7-ELEVEN Marks are inherently distinctive, serving to identify and indicate the source of 7-Eleven's products and services to the consuming public, and to distinguish 7-Eleven's products and services from those of others.

15. Additionally and alternatively, as a result of 7-Eleven's frequent and widespread use and promotion of the 7-ELEVEN Marks, the marks have become distinctive to designate 7-Eleven's goods and services, to distinguish 7-Eleven's goods and services from the goods and services of others, and to distinguish the source or origin of 7-Eleven's goods and services.

16. As a result of extensive and widespread use and promotion by 7-Eleven, the 7-ELEVEN Marks have become extremely well known and widely recognized by consumers in the State of New Jersey and throughout the United States to indicate the source of 7-Eleven's goods and services.

17. As a result of 7-Eleven's extensive and widespread use and promotion of the 7-ELEVEN Marks, 7-Eleven has developed valuable goodwill in the 7-ELEVEN Marks.

18. The 7-ELEVEN Marks are famous.

19. 7-Eleven owns numerous federal trademark registrations for the 7-ELEVEN Marks, including but not limited to the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |

999998.02595/112756884v.1

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN (logo) | 920,897 | 09/21/1971 | Retail grocery store services |
| 7-ELEVEN (logo) | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| 7-ELEVEN (logo) | 1,035,454 | 03/09/1976 | Sandwiches |
| 7-ELEVEN (logo) | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN (logo) | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN (logo) | 2,642,740 | 10/29/2002 | Coffee for consumption on or off the premises; soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |

999998.02595/112756884v.1

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN (logo) | 2,751,552 | 08/19/2003 | Clothing, namely caps |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| 7-ELEVEN (logo) | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services |
| 7-ELEVEN (stripes logo) | 3,644,842 | 06/23/2009 | Retail convenience store services featuring the sale of food and beverage products for consumption on or off the premises |
| 7-ELEVEN (stripes logo) | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| 7-ELEVEN (stripes logo) | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

These registrations are valid, subsisting, and owned by 7-Eleven, and registration numbers 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,642,740; 2,685,684; 2,834,419; 2,914,788; 3,338,512; 3,644,842; 3,679,337; and 3,679,341 are now incontestable under 15 U.S.C. § 1065, and, therefore, are conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks in commerce under 15 U.S.C. § 1115(b).

999998.02595/112756884v.1

**II.     Defendants' Unlawful Activities**

20.     On information and belief, Defendants own or operate a convenience store, located at 450 New York Avenue, Jersey City, New Jersey 07307, that offers gasoline (the "Infringing Site").

21.     The name and mark "7-Even Food Mart" (the "7-Even Mark") is presented at the Infringing Site in a stylized logo format highly similar to that used by 7-Eleven with its 7-ELEVEN Logo, featuring the text "EVEN" centered across a large numeral "7" with a curved vertical shank, as shown immediately below (the "7-EVEN Logo").  Similar to the 7-ELEVEN Logo, the 7-EVEN Logo is depicted in the colors red, green, and white.  The 7-Even Mark and the 7-EVEN Logo are collectively referred to as the "7-EVEN Marks."



22.     The 7-EVEN Logo is prominently displayed at least on Defendants' signage at the Infringing Site, as shown above in paragraph 21.

23.     Defendant Sabah Sultana is the listed owner of New Jersey state trademark registration number 24670 for 7 EVEN GAS STATION AND FOOD MART.  On information and belief, Defendant filed the application to register this mark with the New Jersey Secretary of State on August 13, 2015, three days after 7-Eleven sent a letter through counsel to Defendants requesting that they cease use of the 7-EVEN Marks.

24.     7-Eleven has notified Defendants of its trademark rights, and has attempted to resolve this dispute with Defendants prior to filing this lawsuit.  Defendants have continued using the 7-EVEN Marks.

25.     After lengthy discussions between the parties in an effort by 7-Eleven to resolve this matter without resorting to litigation, Defendants began using the mark "7th Heaven Food Mart" – on or before January 7, 2016 – in connection with the Infringing Site, although Defendants did not also cease use of the 7-EVEN Marks or 7-EVEN Logo at this location. The sign bearing the 7-EVEN Logo, shown in paragraph 21 of this complaint, is still present and continues to be displayed prominently in front of the Infringing Site.

26.     On information and belief, Defendants own or operate the Infringing Site as an independent station selling gasoline that is not genuine 7-Eleven branded gasoline.  By so doing under the substantially indistinguishable 7-EVEN Marks, Defendants are selling counterfeit gasoline.

27.     On information and belief, Defendants own and operate a convenience store under the substantially indistinguishable 7-EVEN Marks that infringe, dilute, and constitute counterfeiting of 7-Eleven's 7-ELEVEN Marks.

28.     On information and belief, Defendants have set out on a deliberate course of conduct to deceive consumers into believing that the Infringing Site is connected, associated, or affiliated with 7-Eleven in order to trade on 7-Eleven's valuable goodwill.  Defendants' efforts to deceive the public into believing the Infringing Site is affiliated with 7-Eleven include Defendants' intentional use of the 7-EVEN Marks in commerce at the Infringing Site, even though Defendants have no permission to do so and is not currently affiliated with 7-Eleven in any way.

999998.02595/112756884v.1

29. Defendants' use of the 7-EVEN Marks is without the permission or authority of 7-Eleven.

30. Defendants' unauthorized use of the 7-EVEN Marks began after the 7-ELEVEN Marks became famous in the state of New Jersey and in the United States.

### III. Effect of Defendants' Activities on 7-Eleven and the Consuming Public

31. Defendants' unauthorized use of the 7-EVEN Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendants' business with 7-Eleven, or as to the origin, sponsorship, or approval of Defendants' goods and/or services.

32. Defendants' unauthorized use of the 7-EVEN Marks falsely indicates to the purchasing public that Defendants, their business, and their goods or services originate with 7-Eleven, or are affiliated, connected, or associated with 7-Eleven, or are sponsored, endorsed, or approved by 7-Eleven, or are in some manner related to 7-Eleven or its goods or services.

33. Defendants' unauthorized use of the 7-EVEN Marks falsely designates the origin of Defendants' goods and/or services, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods and/or services.

34. Defendants' unauthorized use of the 7-EVEN Marks is likely to cause dilution of 7-Eleven's famous 7-ELEVEN Marks.

35. Defendants' unauthorized use of the 7-EVEN Marks enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by 7-Eleven, and to gain acceptance for Defendants' goods and/or services not solely on Defendants' own merits, but on the reputation and goodwill of 7-Eleven and its marks, trade dress, goods, and services.

36. Defendants' unauthorized use of the 7-EVEN Marks removes from 7-Eleven the ability to control the nature and quality of goods and services provided under its marks, and places the valuable reputation and goodwill of 7-Eleven in the hands of Defendants, over whom 7-Eleven has no control.

37. Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, they will continue, and will continue to cause irreparable injury to 7-Eleven and to the public, for which there is no adequate remedy at law.

38. As a result of Defendants' unauthorized use of the 7-EVEN Marks, Defendants are being unjustly enriched at the expense of 7-Eleven and the public.

### IV.   Willful Nature of Defendants' Wrongful Acts

39. On information and belief, Defendants' acts of infringement, counterfeiting, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of 7-Eleven's rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT I:  INFRINGEMENT OF REGISTERED MARKS

40. 7-Eleven repeats the above allegations as if fully set forth herein.

41. The acts of Defendants complained of herein constitute infringement of 7-Eleven's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. 7-Eleven has been damaged by Defendants' acts of federal trademark infringement.

43. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

999998.02595/112756884v.1

## COUNT II:  VIOLATION OF LANHAM ACT SECTION 43(a)

44. 7-Eleven repeats the above allegations as if fully set forth herein.

45. The acts of Defendants complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. 7-Eleven has been damaged by Defendants' acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

47. Defendants' acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## COUNT III:  FEDERAL TRADEMARK COUNTERFEITING

48. 7-Eleven repeats the above allegations as if fully set forth herein.

49. The acts of Defendants complained of herein constitute use of counterfeit marks in advertising and on or in connection with the sale, offering for sale, and distribution of products and services in commerce.

50. On information and belief, Defendants are intentionally using the 7-EVEN Marks knowing that they are selling or offering to sell, or intending to sell or offer to sell, counterfeit products and services.

51. The acts of Defendants complained of herein constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

52. 7-Eleven has been damaged by Defendants' acts of trademark counterfeiting.

## COUNT IV: FEDERAL TRADEMARK DILUTION

53. 7-Eleven repeats the above allegations as if fully set forth herein.

54. The acts of Defendants complained of herein constitute dilution by blurring of 7-Eleven's famous 7-ELEVEN Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

55. Defendants willfully intended to trade on the recognition of the famous 7-ELEVEN Marks, and to harm the reputation of the famous 7-ELEVEN Marks.

56. 7-Eleven has been damaged by Defendants' acts of federal trademark dilution.

## COUNT V: NEW JERSEY STATUTORY UNFAIR COMPETITION

57. 7-Eleven repeats the above allegations as if fully set forth herein.

58. The acts of Defendants complained of herein constitute unfair competition in in violation of New Jersey's unfair competition statute, N.J.S.A. § 56:4-1.

59. 7-Eleven has been damaged by Defendants' acts of trademark infringement.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

60. 7-Eleven repeats the above allegations as if fully set forth herein.

61. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of New Jersey.

62. 7-Eleven has been damaged by Defendants' acts of common law unfair competition.

## COUNT VII: TRADEMARK DILUTION UNDER STATE LAW

63. 7-Eleven repeats the above allegations as if fully set forth herein.

64. The acts of Defendants complained of herein constitute trademark dilution in violation of the New Jersey Anti-Dilution Statute, N.J.S.A. § 56:3-13.20.

65.     7-Eleven has been damaged by Defendants' acts of trademark dilution.

## COUNT VIII:  UNJUST ENRICHMENT

66.     7-Eleven repeats the above allegations as if fully set forth herein.

67.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at 7-Eleven's expense.

68.     7-Eleven has been damaged by Defendants' acts of unjust enrichment.

## PRAYER

WHEREFORE, 7-Eleven prays that:

a) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the 7-EVEN Marks, any element thereof, and any other name, mark, or trade dress confusingly similar to the 7-ELEVEN Marks;

b) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and permanently remove the 7-EVEN Marks from the Infringing Site and to otherwise eliminate all elements and instances of the 7-EVEN Marks from the Infringing Site;

c) Defendants be ordered to file with this Court and to serve upon 7-Eleven, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

d) 7-Eleven recover all damages it has sustained as a result of Defendants' infringement, dilution, and unfair competition, and that such damages be trebled;

e)	An accounting be directed to determine Defendants' profits resulting from Defendants' activities, and that such profits be paid over to 7-Eleven, increased as the Court finds to be just under the circumstances of this case

f)	Defendants' damages or profits, whichever amount is greater, be trebled pursuant to 15 U.S.C. § 1117(b) as a result of Defendants' intentional counterfeiting; alternatively, if greater, 7-Eleven recover statutory damages of $4,000,000 under 15 U.S.C. § 1117(c)(2) as a result of Defendants' willful counterfeiting;

g)	The Court determine that Defendants are not entitled to registration of the mark 7 EVEN GAS STATION AND FOOD MART, and order the New Jersey Secretary of State pursuant to N.J.S.A. § 56:3-13.8 to cancel New Jersey state trademark registration number 24670 for 7 EVEN GAS STATION AND FOOD MART.

h)	7-Eleven recover its reasonable and necessary attorneys' fees;

i)	7-Eleven recover its costs of this action and prejudgment and post-judgment interest; and

j)	7-Eleven recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), 7-Eleven demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Dated: September 24, 2018

        */s/ David C. Kistler*
David C. Kistler
**BLANK ROME LLP**
*A Pennsylvania LLP*
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540

999998.02595/112756884v.1

(609) 750-2643
Kistler@BlankRome.com

-and-

**PIRKEY BARBER PLLC**
Stephen P. Meleen
S. Erik Combs IV
600 Congress Avenue, Suite 2120
Austin, Texas 78701
512-482-5224
smeleen@pirkeybarber.com
ecombs@pirkeybarber.com

*Attorneys for Plaintiff*
*7-ELEVEN, INC.*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: September 24, 2018

        */s/ David C. Kistler*
David C. Kistler
**BLANK ROME LLP**
*A Pennsylvania LLP*
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
(609) 750-2643
Kistler@BlankRome.com

-and-

**PIRKEY BARBER PLLC**
Stephen P. Meleen
S. Erik Combs IV
600 Congress Avenue, Suite 2120
Austin, Texas 78701
512-482-5224
smeleen@pirkeybarber.com
ecombs@pirkeybarber.com

*Attorneys for Plaintiff*
*7-ELEVEN, INC.*